UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARGUS RESEARCH GROUP, INC.,

                    Plaintiff,

    -against-

ARGUS SECURITIES, INC.,

                    Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 00-1218 (SJ)(ARL)

**LINDSAY, Magistrate Judge:**

By Order dated November 4, 2002, District Judge Sterling Johnson, Jr. entered a default judgment against the defendant, Argus Securities, Inc., and referred to the undersigned, for a report and recommendation, the determination of the proper amount of damages and attorneys' fees and costs to be awarded in connection with the matter. Although the matter was referred for a report and recommendation as to the amount of damages to be awarded, the plaintiff has only submitted papers in support of an award of attorneys' fees and costs.

By order dated November 12, 2002, the plaintiff was directed to submit papers in support of its petition for an award of attorneys' fees and costs no later than December 12, 2002. By letter dated December 11, 2002, counsel for the plaintiff requested an extension of time to submit its papers, indicating that the "extension is necessary to allow Plaintiff's counsel time to assemble the appropriate billing records." The undersigned granted that request extending the deadline for submission to January 7, 2003, and providing the defendant an opportunity to oppose the plaintiff's papers by February 7, 2003. On January 3, 2003, the plaintiff submitted the Declaration of Dickerson Downing dated January 3, 2003. In its papers, the plaintiff seeks a total award of $31,451. The defendant has not submitted opposition to the affidavit, despite being given an opportunity to do so. For the reasons set forth below, the undersigned

recommends the plaintiff's petition for an award of attorneys' fees and costs be denied.

The facts underlying the award of fees and costs are set out in plaintiff's complaint and the Declaration of Dickerson Downing dated January 3, 2003, and will not be repeated here, where the only issue is the amount of attorneys' fees and costs to be awarded. The Downing Declaration sets forth the amount of attorneys' fees and costs sought by the plaintiff, but fails to provide any evidence of the work done by the attorneys or any means of verifying the amount of time spent or the costs and expenses incurred in connection with the matter. Upon realizing the omission, the undersigned once again invited the plaintiff's counsel to submit support for its petition for attorneys' fees and costs by overnight mail. The plaintiff failed to do so.

In this Circuit, attorneys' fee awards are determined by calculating the "lodestar" figure, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate. *See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. *Id.* at 1147-48. The plaintiff's application is devoid of any of the necessary documentation. Accordingly, the undersigned recommends that the plaintiff's petition for attorneys' fees and cost be denied.

A copy of the Report and Recommendation is being sent to the plaintiff. The plaintiff is to serve the defendant with a copy by certified mail, return receipt requested, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed with

the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       March 5, 2004

                                     ARLENE ROSARIO LINDSAY
                                     United States Magistrate Judge